GRIMES, Justice.
In 1986, the Florida Legislature enacted the Public Guardianship Act, section 744.-701-744.709, Florida Statutes (Supp.1986). Pursuant to section 744.707(2), the Chief Justice of the Supreme Court appointed an Advisory Committee on Public Guardianship (Advisory Committee). Among other responsibilities, the Advisory Committee was requested to make such recommendations for change in the Florida Rules of Court as it deemed appropriate and necessary for proper implementation of the new law. The Advisory Committee has now filed a petition with this Court recommending several additions to the Rules of Probate and Guardianship Procedure. The Florida Bar Probate and Guardianship Rules Committee (Rules Committee) has filed an answer, stating that the petition failed to satisfy the normal procedure for amending rules as set forth in Judicial Administration Rule 2.130. The Rules Committee also filed a substantive response to the petition in which it agreed to certain of the recommendations and objected to others. In view of the importance of the Public Guardianship Act and the charge to the advisory committee, the Court has determined to consider the petition as an emergency request as provided by rule 2.130.
The proposed amendments, the Rules Committee’s responses, and the Court’s rulings with respect to each of them are set forth below:
1. Rule 5.540. Definitions
Proposal — AM subsection (m) to read:
(m) “Public guardian” means that person who has been appointed to the office of public guardian under Part IX of Chapter 744, Florida Statutes.
Response — The Rules Committee is intending to propose that rule 5.540 be entirely deleted because the definitions contained therein are substantially similar to those found in section 744.102 and that the *676 meaning of the words “public guardian” is sufficiently described in part IX of chapter 744.
Ruling — Since neither section 744.102 nor part IX, chapter 744, specifically describes the meaning of public guardian, the proposed rule is adopted, without prejudice to the right of the Rules Committee to seek its repeal together with the balance of the definitions in the rule.
2. Rule 5.550. Petition to Determine Competency
Proposal — Add subsection (c) to read:
(c)Public Guardian. To avoid any conflict of interest neither the public guardian nor any employee of a public guardian shall be a petitioner.
Response —The issue as to who may be a petitioner should be left for determination by the legislature.
Ruling — Since the question of whether a public guardian or one of his or her employees would be entitled to be a petitioner appears to be a question of substantive law, the proposal is rejected.
3. Rule 5.560. Petition for Appointment of Guardian; Notice
Proposal —Add subparagraph (9) to subsection (a) to read:
(a) Contents
(9) Date of the order appointing the public guardian if applicable (or name of public guardian if petitioner requests appointment of public guardian.)
Response — If the public guardian has already been appointed, there would be no subsequent petition in which to place the date of the order appointing the public guardian. If the public guardian has not already been appointed, an allegation requesting the appointment of the public guardian should be sufficient without specifically using the name of the public guardian.
Ruling — Since it appears that the addition is unnecessary, the proposal is rejected.
4. Rule 5.560. Petition for Appointment of Guardian; Notice
Proposal —Add subparagraph (3) to subsection (c) to read:
(c) Notice; required:
(3) If the petitioner requests appointment of the public guardian, a copy of the petition and notice of the hearing thereon shall be served on the public guardian.
Response — The proposal is unnecessary because any request for appointment of public guardian would require the service of the petition and notice of hearing on the public guardian under rule 5.041, as the public guardian would be an interested person in such proceeding.
Ruling — In order to avoid any question of whether the public guardian would be an interested person as contemplated by rule 5.041, the proposed rule is adopted.
5. Rule 5.560. Petition for Appointment of Guardian; Notice
Proposal — Add subsection (d) to read:
(d) Appointment of Public Guardian without notice. The court on its own motion may appoint the public guardian where appropriate without notice to the public guardian.
Response —The proposed addition is considered to be appropriate as an additional sentence to rule 5.560(b).
Ruling — The substance of the proposal is adopted by the addition of a sentence to rule 5.560(b) to read as follows:
The court on its own motion may appoint the public guardian without notice to the public guardian.
6. Rule 5.560. Petition for Appointment of Guardian; Notice
Proposal — Add subsection (e) to read:
(e) Public Guardian opposition to appointment. The public guardian may oppose appointment only if it is shown that the guardianship does not qualify under s. 744.704(1) or that the office has exceeded its capacity under s. 744.708(7).
Response — The proposal is unnecessary because the basis for the public guardian to *677 oppose appointment is set forth in the statute and is not a matter of procedure.
Ruling — Since it appears that the circumstances under which the public guardian may oppose appointment is a matter of substantive law, the proposal is rejected.
7. Rule 5.660. Proceedings for Removal of Guardian
Proposal — Add to rule 5.660, Proceedings for Removal of Guardian, a subpara-graph to read:
In the event of removal of the public guardian, the successor in office shall assume all assigned guardianships.
Response — The proposal is unnecessary because the obligations of the successor in office to assume all of the assigned guardi-anships upon the removal of the public guardian is set forth by statute and is a matter of substantive law, not procedure.
Ruling — Since the responsibility of the successor guardian is specifically outlined in section 744.704(8), the proposal is rejected as unnecessary.
8. Rule 5.710. Report of Public Guardian
Proposal —Adopt new rule 5.710, Report of Public Guardian, to read:
Within six months of the appointment of the public guardian as the guardian of a ward, the public guardian shall submit to the chief judge of the circuit and the circuit judge having jurisdiction over the guardianship, a report as required by s. 744.708(4).
Response — The proposed addition is appropriate but should be reworded.
Ruling — The substance of the proposal is accepted and rule 5.710 is hereby adopted to read:
Within six months of the appointment of the public guardian as the guardian of a ward, the public guardian shall submit a report as required by F.S. 744.708(4) to the chief judge of the circuit and file a copy with the clerk.
9.Rule 5.720. Public Guardianship Operational Procedures
Proposal —Adopt a new rule 5,720, Public Guardianship Operational Procedures, to read:
Each public guardian shall submit to the Florida Supreme Court for Approval, an operational plan establishing operational guidelines and procedures.
Response — The proposed addition is inappropriate since it pertains to a matter of substantive law and not procedure.
Ruling —The proposal is rejected as not being mandated by law and presently deemed unnecessary by this Court.
The amendments to the Rules of Probate and Guardianship Procedure as hereby adopted are set forth in Exhibit A attached to this opinion and shall become effective immediately.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
EXHIBIT A
AMENDMENTS TO RULES OF PROBATE AND GUARDIANSHIP PROCEDURE
Rule 5.540. Definitions

(m) “Public guardian ” means that person toko has been appointed to the office of public guardian under Part IX of Chapter 744, Florida Statutes.

Rule 5.560. Petition for Appointment of Guardian; Notice
(c) Notice; required:

(3) If the petitioner requests appointment of the public guardian, a copy of the petition and notice of the hearing thereon shall be served on the public guardian.

Rule 5.560. Petition for Appointment of Guardian; Notice
(b) Notice; not required. A petition for appointment of guardian may be filed and heard without notice at the conclusion of *678 the hearing in which the incompetency has been adjudicated. The court on its own motion may appoint the public guardian without notice to the public guardian.

Rule 5.710. Report of Public Guardian

Within six months of the appointment of the public guardian as the guardian of a ward, the public guardian shall submit a report as required by F.S. 744.708(4) to the chief judge of the circuit and file a copy with the clerk.